

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

**Court of Common Pleas**

**New Case Electronically Filed: SERVICE REQUEST**
**October 3, 2025 12:14**

By: ZACHARY SMITH 0101700

Confirmation Nbr. 3634397

| | |
|---|---|
| ROGER COFFEY | CV 25 125757 |
| vs. | |
| MARATHON PETROLEUM CORPORATION , ET. AL, ET AL | **Judge:**  NANCY MARGARET RUSSO |

**Pages Filed:**  1

**Ex. A**

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

### INSTRUCTIONS FOR SERVICE

| | |
|---|---|
| ROGER COFFEY, | ) |
| | ) |
| Plaintiff(s), | )    CASE FILE NO: |
| | ) |
| v. | )    JUDGE: |
| | ) |
| MARATHON PETROLEUM | ) |
| CORPORATION, D/B/A SPEEDWAY et. al. | ) |
| | ) |
| Defendant(s), | ) |

#### TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE:

CERTIFIED MAIL SERVICE **XX**          ORDINARY MAIL SERVICE ____

PERSONAL SERVICE BY THE SHERIFF OF _____ COUNTY ____

RESIDENCE SERVICE BY THE SHERIFF OF _____ COUNTY ____

PERSONAL SERVICE BY PROCESS SERVER _____

RESIDENT SERVICE BY PROCESS SERVER _____

OF THE FOLLOWING DOCUMENTS: <u>SUMMONS; PLAINTIFFS' COMPLAINT FOR PERSONAL INJURIES</u>

**UPON:**

| | |
|---|---|
| MARATHON PETROLEUM CORPORATION D/B/A SPEEDWAY<br>REGISTERED AGENT: CT CORPORATION SYSTEM<br>4400 EASTON COMMONS WAY, STE. 125<br>COLUMBUS, OH 43219 | KATHY BOULTON<br>2002 SUNDANCE ST.<br>SPRINGFIELD, OH 45502 |
| | |
| | |

| | |
|---|---|
| <u>Zachary Smith, Esq. / 0101700)</u><br>**Attorney Name & Supreme Court ID No.**<br><br><u>(270) 359-5385</u><br>**Phone Number** | <u>8205 Dunwoody Pl., Bldg. 19, Atlanta, GA 30350</u><br>**Address, City, State, Zip Code** |



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**October 3, 2025 12:14**

By: ZACHARY SMITH 0101700

Confirmation Nbr. 3634397

ROGER COFFEY                                                    CV 25 125757

       vs.

MARATHON PETROLEUM CORPORATION , ET. AL,          **Judge:** NANCY MARGARET RUSSO
ET AL

**Pages Filed:  12**

IN THE COURT OF COMMON PLEAS OF CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| ROGER COFFEY,<br>4762 S Hills Dr.<br>Cleveland, OH 44109<br>　　　Plaintiff, | ) ) ) ) ) | |
| vs. | ) ) | Case No.<br>Judge: |
| MARATHON PETROLEUM<br>CORPORATION, d/b/a SPEEDWAY<br>CT Corporation System<br>4400 Easton Commons Way, Ste. 125,<br>Columbus, OH 43219 | ) ) ) ) ) ) | (Jury Demand Endorsed Hereon) |
| KATHY BOULTON<br>2002 Sundance St.<br>Springfield, OH 45502-9142 | ) ) ) ) | |
| and, | ) ) | |
| JOHN DOE EMPLOYEES<br>Name and Address Unknown | ) ) ) | |
| 　　　Defendants. | ) | |

## COMPLAINT

Comes now the Plaintiff, Roger Coffey, by and through counsel, and for his Complaint against the Defendants hereby states and alleges the following:

### PARTIES

1.　　At all times relevant to this Complaint, Plaintiff was a resident of Cleveland, Cuyahoga County, Ohio.

2.　　Defendant Marathon Petroleum Corporation d/b/a Speedway, (hereinafter referred to as "Speedway") is a Delaware Corporation, headquartered in Ohio, registered to conduct business in Ohio who operates Speedway gas stations and convenience stores in Ohio. Defendant Speedway's registered agent for the purposes of service of process is CT Corporation System,

which may be served on behalf of Defendant Speedway at 4400 Easton Commons Way, Ste. 125, Columbus, OH 43219 or wherever it may be found.

3.      Defendant Kathy Boulton, ("Defendant Boulton") is a citizen and resident of Springfield, Clark County, Ohio, and is/was an employee/agent of Defendant Speedway, acting in the course and scope of her employment, either with expressed, implied, or apparent authority, as agent of Defendant Speedway. Defendant Stemple may be served with process at 2002 Sundance St. Springfield, OH, 45502-9142 or wherever she may be found.

4.      Defendant John Doe Employees, based upon information and belief, is/were employees and/or agents of Defendant Speedway, acting in the course and scope of their employment, either with expressed, implied, or apparent authority, as agents of Defendant Speedway.

5.      The true name(s) and capacities of John Doe Employees, without conducting discovery in this matter, are unknown at this time. When the true names of said persons have been ascertained, Plaintiff will seek leave to amend the Complaint accordingly; Plaintiff believes that the Defendants identified herein as John Doe Employees have legal responsibility or contributed to the events and occurrences described herein, having caused injury to Plaintiff.

6.      The Premises, as defined below, is owned, operated, managed and/or maintained by Defendant Speedway.

### JURISDICTION AND VENUE

7.      Jurisdiction is conferred in this Court by R.C. §2305.01.

8.      Pursuant to Civil Rule 3(B)(1) of the Ohio Rules of Civil Procedure, venue is proper in Cuyahoga County, Ohio, and the incident which is the basis for the Complaint occurred in Cuyahoga County, Ohio.

## SERVICE OF PROCESS

9.      Service of process is permitted on Defendants pursuant to Ohio Civil Rule 4.2(A) and (F).

## UNDERLYING FACTS COMMON TO ALL ALLEGATIONS

10.     On or about February 8, 2024, Plaintiff was a customer and invitee of Defendants at the Premises, a Speedway gas station and convenience store located at 2202 Broadview Rd, Cleveland, OH 44109.

11.     At all times relevant hereto, the premises was open to patrons.

12.     At all times relevant hereto, Defendants had knowledge of patrons being on the premises.

13.     At all times relevant hereto, employee(s) of Defendant Speedway, hired, trained, retained, and working under the supervision of Defendants Speedway and Boulton, was/were mopping the floors of the premises while patrons, including the Plaintiff, were in the store.

14.     As Plaintiff was in the Speedway store, no visible "wet floor" signs and there were no warnings given to the Plaintiff prior to him walking through the store and falling.

15.     At all times pertinent hereto, Defendants' actions and inactions caused the floor in the shopping aisle section of the Premises to be slippery, untreated, not adequately maintained, have potentially hazardous liquids on the floor, including but not limited to water and cleaning solutions, and/or otherwise not safe, thereby creating a dangerous and/or defective condition.

16.     At all times pertinent hereto, Defendants' actions and inactions in causing the floor of the premises to be slippery and hazardous was further bolstered by their failure to provide adequate signage and warnings to individuals, such as the Plaintiff, of the hazardous condition.

17.     At all times pertinent hereto, the Defendants had actual and/or constructive knowledge of said dangerous and/or defective condition.

18.     At all times pertinent hereto, the Defendants' knowledge of said dangerous and/or defective condition was superior to that of Plaintiff.

19.     Plaintiff was required to traverse the section of the aisle and said dangerous and/or defective condition on the flooring created by Defendants, in order for patrons such as the Plaintiff to adequately shop at the Defendants' store.

20.     Plaintiff entered the shopping aisle section of the Premises, to purchase items for sale offered by the Defendants to customers, and fell upon the dangerous and/or defective condition created by the debris/liquids, including but not limited to water and cleaning solutions, on the flooring.

21.     At all times pertinent hereto, Plaintiff exercised an appropriate degree of care for his own safety.

## NEGLIGENCE OF DEFENDANT SPEEDWAY

22.     At all times pertinent hereto, Defendant Speedway owed the Plaintiff, as a business invitee upon the subject Premises, a duty to maintain the subject Premises in reasonably safe condition and to discover unsafe and dangerous conditions on the Premises, including dangerous conditions caused by the Defendants and its employees/agents, and either correct them or warn Plaintiff of them.

23.     At all times pertinent hereto, Defendant Speedway was responsible for maintaining the Premises in a reasonably safe condition as the owner, operator, manager, and/or similar service provider at the subject property where the Plaintiff's injuries occurred.

24.     Defendant Speedway, through their agents/employees, owed Plaintiff a safe method of walking around the Premises inside the building.

25.     At all times pertinent hereto, Defendant Speedway had a legal duty to maintain the subject Premises in a reasonable and safe condition for the use of persons such as Plaintiff.

26.     Defendant Speedway, through their agents/employees, owed Plaintiff a duty to inspect and maintain/clean the area, including ensuring the premises is safe to walk through after cleaning, within a reasonable amount of time.

27.     Defendant Speedway, individually and through their agents/employees, had a duty to train their agents and employees on how to conduct safety sweeps of the premises to keep the premises free from hazardous debris and slippery surfaces, and how to properly clean the premises.

28.     Defendant Speedway, through their agents/employees, owed Plaintiff a duty to place proper warning signs to alert its customers of unsafe conditions.

29.     Defendant Speedway was guilty of the following acts of common law negligence, in that it breached the following duties owed to Plaintiff:

    a.   provide a clear and safe path to ingress and egress of Premises;

    b.   take reasonable steps to maintain the Premises in a safe condition;

    c.   take reasonable steps to train their employees/agents in how to properly inspect and clean the premises;

    d.   inspect and maintain/clean the area within a reasonable amount of time;

    e.   provide clear and safe boundaries and warnings around such known dangerous condition;

    f.   remedy known dangerous and/or defective conditions on the Premises, despite ample time and opportunity available to do so; and

    g.   properly design, construct, or maintain the building and/or Premises.

30.     Defendant Speedway was guilty of the following acts of negligence *per se*, in that it breached the duties by failing to do the following:

    a.   maintain the Premises in accordance with applicable building codes;

    b.   maintain the Premises in accordance with applicable statutes; and

c.  maintain the Premises in accordance with the International Building Codes.

31.     Defendant Speedway breached their legal duties in designing, constructing, and/or maintaining the subject Premises.

32.     The negligent acts and/or omissions of Defendant Speedway were the direct and proximate cause of the subject fall and Plaintiff's resulting injuries and damages.

33.     Plaintiff's resulting injuries and damages were a direct result of this fall.

34.     As a direct and proximate result of the negligence of the Defendant Speedway, Plaintiff suffered serious, disabling, painful, and permanent bodily injuries causing Plaintiff to become liable for medical and other expenses, including lost wages and lost future earnings, and to suffer permanent bodily impairment.

35.     Defendant Speedway is vicariously liable for the negligence of their agents under the doctrine of *respondeat superior* and/or jointly and severally liable for the negligent actions and/or omissions of their agents including, but not limited to, its employees, management teams, and/or contractors.

## NEGLIGENCE OF DEFENDANT KATHY BOULTON

36.     At all times pertinent hereto, Defendant Boulton was a manager of the subject premises where Plaintiff fell and was injured.

37.     At all times pertinent hereto, Defendant Boulton was at all relevant times mentioned herein negligent in her failure to properly inspect, maintain, and clean/make safe the premises and/or provide proper warning to patrons, such as the plaintiff, of any hazards/debris on the premises within a reasonable time prior to Plaintiff falling, and that as a direct and proximate result of said negligence, while said Defendant was acting in the course and scope of their employment with Defendant Speedway, said Defendant caused and/or contributed to Plaintiff

falling on the premises which caused serious and devastating injuries to Plaintiff as referenced above.

38.     At all times pertinent hereto, Defendant Boulton, as employee/agent of Defendant Speedway, owed the Plaintiff, as a business invitee upon the subject Premises, a duty to maintain the subject Premises in reasonably safe condition and to discover unsafe and dangerous conditions on the Premises and either correct them or warn of them, and to make safe the premises by removing hazards caused by them.

39.     At all times pertinent hereto, Defendant Boulton, as employee/agent of Defendant Speedway, was responsible for maintaining the Premises in a reasonably safe condition as the operator, manager, and/or similar service provider at the subject property where the Plaintiff's injuries occurred.

40.     Defendant Boulton, as employee/agent of Defendant Speedway, owed Plaintiff a safe method of walking around the Premises inside the building.

41.     At all times pertinent hereto, Defendant Boulton, as employee/agent of Defendant Speedway, had a legal duty to maintain the subject Premises in a reasonable and safe condition for the use of persons such as Plaintiff.

42.     Defendant Boulton, as employee/agent of Defendant Speedway, owed Plaintiff a duty to inspect and maintain/clean the area within a reasonable amount of time.

43.     Defendant Boulton, as employee/agent of Defendant Speedway, had a duty to train her agents and employees on how to conduct safety sweeps of the premises to keep the premises free from hazardous debris and slippery surfaces, and to properly clean the premises in a manner as to not cause the floors to be hazardous and/or provide adequate warning and signage of the dangerous condition.

44.     Defendant Boulton, as employee/agent of Defendant Speedway, owed Plaintiff a

duty to place proper warning signs to alert its customers of unsafe conditions.

45.     Defendant Boulton, as employee/agent of Defendant Speedway, was guilty of the following acts of common law negligence, in that it breached the following duties owed to Plaintiff:

        h.   provide a clear and safe path to ingress and egress of Premises;

        i.   take reasonable steps to maintain the Premises in a safe condition;

        j.   take reasonable steps to train their employees/agents in how to properly inspect and clean the premises;

        k.   inspect and maintain/clean the area within a reasonable amount of time;

        l.   provide clear and safe boundaries and warnings around such known dangerous condition;

        m.   remedy known dangerous and/or defective conditions on the Premises, despite ample time and opportunity available to do so; and

        n.   properly design, construct, or maintain the building and/or Premises.

46.     Defendant Boulton, as employee/agent of Defendant Speedway, was guilty of the following acts of negligence *per se*, in that she breached the duties by failing to do the following:

        a.   maintain the Premises in accordance with applicable building codes;

        b.   maintain the Premises in accordance with applicable statutes; and

        c.   maintain the Premises in accordance with the International Building Codes.

47.     Defendant Boulton, as employee/agent of Defendant Speedway, breached her legal duties in designing, constructing, and/or maintaining the subject Premises.

48.     The negligent acts and/or omissions of Defendant Boulton were the direct and proximate cause of the subject fall and Plaintiff's resulting injuries and damages.

49.     Plaintiff's resulting injuries and damages were a direct result of this fall.

50.    As a direct and proximate result of the negligence of the Defendant Boulton, Plaintiff suffered serious, disabling, painful, and permanent bodily injuries causing Plaintiff to become liable for medical and other expenses, to suffer lost wages and lost earning capacity, and to suffer permanent bodily impairment.

## NEGLIGENCE OF DEFENDANT JOHN DOE EMPLOYEES

51.    At all times pertinent hereto, Defendant John Doe Employees, whose name and identity will be supplemented following discovery in this case, was at all relevant times mentioned herein negligent in their failure to properly inspect, maintain, and clean/make safe the premises and/or provide proper warning to patrons, such as the plaintiff, of any hazards/debris on the premises within a reasonable time prior to Plaintiff falling, and that as a direct and proximate result of said negligence, while said Defendant was acting in the course and scope of their employment with Defendant Speedway, said Defendant caused and/or contributed to Plaintiff falling on the premises which caused serious and devastating injuries to Plaintiff as referenced above.

52.    At all times pertinent hereto, Defendant John Doe Employees, as employees/agents of Defendant Speedway, owed the Plaintiff, as a business invitee upon the subject Premises, a duty to maintain the subject Premises in reasonably safe condition, a duty to remedy dangerous/unsafe conditions caused by said employees, and to discover unsafe and dangerous conditions on the Premises and either correct them or warn of them.

53.    At all times pertinent hereto, Defendant John Doe Employees, as employees/agents of Defendant Speedway, were responsible for maintaining the Premises in a reasonably safe condition as the operator, manager, and/or similar service provider at the subject property where the Plaintiff's injuries occurred.

54.     Defendant John Doe Employees, as employees/agents of Defendant Speedway, owed Plaintiff a safe method of walking around the Premises inside the building.

55.     At all times pertinent hereto, Defendant John Doe Employees, as employees/agents of Defendant Speedway, had a legal duty to maintain the subject Premises in a reasonable and safe condition for the use of persons such as Plaintiff.

56.     Defendant John Doe Employees, as employees/agents of Defendant Speedway, owed Plaintiff a duty to inspect and maintain/clean the area within a reasonable amount of time.

57.     Defendant John Doe Employees, as employees/agents of Defendant Speedway, had a duty to train their agents and employees on how to conduct safety sweeps of the premises to keep the premises free from hazardous debris and slippery surfaces, and to properly clean the premises in a manner that the floor does not become hazardous.

58.     Defendant John Doe Employees, as employees/agents of Defendant Speedway, owed Plaintiff a duty to place proper warning signs to alert its customers of unsafe conditions.

59.     Defendant John Doe Employees, as employees/agents of Defendant Speedway, were guilty of the following acts of common law negligence, in that it breached the following duties owed to Plaintiff:

      o.  provide a clear and safe path to ingress and egress of Premises;

      p.  take reasonable steps to maintain the Premises in a safe condition;

      q.  take reasonable steps to train their employees/agents in how to properly inspect and clean the premises;

      r.  inspect and maintain/clean the area within a reasonable amount of time;

      s.  provide clear and safe boundaries and warnings around such known dangerous condition;

      t.  remedy known dangerous and/or defective conditions on the Premises, despite

ample time and opportunity available to do so; and

u.   properly design, construct, or maintain the building and/or Premises.

60.     Defendant John Doe Employees, as employees/agents of Defendant Speedway, were guilty of the following acts of negligence *per se*, in that it breached the duties by failing to do the following:

a.   maintain the Premises in accordance with applicable building codes;

b.   maintain the Premises in accordance with applicable statutes; and

c.   maintain the Premises in accordance with the International Building Codes.

61.     Defendant John Doe Employees, as employees/agents of Defendant Speedway, breached their legal duties in designing, constructing, and/or maintaining the subject Premises.

62.     The negligent acts and/or omissions of Defendant John Doe Employees were the direct and proximate cause of the subject fall and Plaintiff's resulting injuries and damages.

63.     Plaintiff's resulting injuries and damages were a direct result of this fall.

64.     As a direct and proximate result of the negligence of the Defendant John Doe Employees, Plaintiff suffered serious, disabling, painful, and permanent bodily injuries causing Plaintiff to become liable for medical and other expenses, to suffer lost wages and loss of earning capacity, and to suffer permanent bodily impairment.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages in an amount greater than twenty-five thousand dollars ($25,000.00), plus interest and costs.

Respectfully submitted,

/s/ Zachary C. Smith
Zachary C. Smith (0101700)
MONGE & ASSOCIATES
8205 Dunwoody Pl

Atlanta, GA 30350
270-359-5385
FAX 678-579-0204
zack.smith@monge.lawyer
*Attorney for Plaintiff, Roger Coffey*

### JURY DEMAND

Plaintiff requests that this matter be heard before a jury of eight (8) persons.

/s/ Zachary C. Smith
Zachary C. Smith (0101700)



**UNITED STATES**
**POSTAL SERVICE.**

Date Produced: 10/20/2025

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3552 2454 71. Our records indicate that this item was delivered on 10/15/2025 at 09:35 a.m. in COLUMBUS, OH 43224. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:     Case   CV25125757
CV25125757 / 58330849 / MARATHON PETROLEUM CORPORATION / 2025-10-22 05:13   Sent To:  CT CORPORATION SYSTEM, RA 4400 EASTON COMMONS WAY, STE. 125 COLUMB

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>ROGER COFFEY</u>
**Plaintiff**

**V.**

<u>MARATHON PETROLEUM CORPORATION ,</u>
<u>ET. AL, ET AL</u>
**Defendant**

**CASE NO.** CV25125757

**JUDGE** NANCY MARGARET RUSSO

# SUMMONS   SUMC  CM

**Notice ID:** 58330849

| From: | ROGER COFFEY | P1 |
| | 4762 S. HILLS DR. | |
| | CLEVELAND OH 44109 | |

| Atty.: | ZACHARY SMITH |
| | 8205 DUNWOODY PL BLDG 19 |
| | ATLANTA, GA 30350-0000 |

| To: | MARATHON PETROLEUM CORPORATION | D1 |
| | DBA SPEEDWAY | |
| | CT CORPORATION SYSTEM, RA | |
| | 4400 EASTON COMMONS WAY, STE. 125 | |
| | COLUMBUS OH 43219 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** <u>10/06/2025</u>

**By**_____
**Deputy**

CMSN130

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>ROGER COFFEY</u>
**Plaintiff**

**V.**

<u>MARATHON PETROLEUM CORPORATION ,</u>
<u>ET. AL. ET AL</u>
**Defendant**

**CASE NO.** CV25125757

**JUDGE** NANCY MARGARET RUSSO

# SUMMONS  SUMC  CM

Notice ID: 58330850

| From: | ROGER COFFEY<br>4762 S. HILLS DR.<br>CLEVELAND OH 44109 | P1 |
|---|---|---|

| Atty.: | ZACHARY SMITH<br>8205 DUNWOODY PL BLDG 19<br>ATLANTA, GA 30350-0000 |
|---|---|

| To: | KATHY BOULTON<br>2002 SUNDANCE ST.<br>SPRINGFIELD OH 45502 | D2 |
|---|---|---|

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** <u>10/06/2025</u>

**By**_____
**Deputy**

CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**AMENDED COMPLAINT $75**
October 27, 2025 13:58

By: ZACHARY SMITH 0101700

Confirmation Nbr. 3657004

ROGER COFFEY                                         CV 25 125757

vs.

**Judge:**  NANCY MARGARET RUSSO

MARATHON PETROLEUM CORPORATION , ET. AL,
ET AL

**Pages Filed:**  1

**IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO**

**INSTRUCTIONS FOR SERVICE**

| | |
|---|---|
| ROGER COFFEY, | ) |
| | ) |
| Plaintiff(s), | ) CASE FILE NO: |
| | ) |
| v. | ) JUDGE: |
| | ) |
| MARATHON PETROLEUM | ) |
| CORPORATION, D/B/A SPEEDWAY et. al. | ) |
| | ) |
| Defendant(s), | ) |

**TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE:**

CERTIFIED MAIL SERVICE **XX**          ORDINARY MAIL SERVICE ____

PERSONAL SERVICE BY THE SHERIFF OF _____ COUNTY ____

RESIDENCE SERVICE BY THE SHERIFF OF _____ COUNTY ____

PERSONAL SERVICE BY PROCESS SERVER _____

RESIDENT SERVICE BY PROCESS SERVER _____

OF THE FOLLOWING DOCUMENTS:   <u>SUMMONS; PLAINTIFFS' COMPLAINT FOR PERSONAL INJURIES</u>

| UPON: | |
|---|---|
| SPEEDWAY, LLC, D/B/A SPEEDWAY REGISTERED AGENT: CORPORATE CREATIONS NETWORK, INC. 119 E. COURT STREET CINCINNATI, OH 45202 | KATHY BOULTON 2002 SUNDANCE ST. SPRINGFIELD, OH 45502 |
| | |
| | |

| Zachary Smith, Esq. / 0101700) | 8205 Dunwoody Pl., Bldg. 19, Atlanta, GA 30350 |
|---|---|
| **Attorney Name & Supreme Court ID No.** | **Address, City, State, Zip Code** |
| (270) 359-5385 **Phone Number** | |



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**AMENDED COMPLAINT $75**
**October 27, 2025 13:58**

By: ZACHARY SMITH 0101700

Confirmation Nbr. 3657004

ROGER COFFEY                                    CV 25 125757

vs.

MARATHON PETROLEUM CORPORATION , ET. AL,        **Judge:** NANCY MARGARET RUSSO
ET AL

**Pages Filed:**  12

## IN THE COURT OF COMMON PLEAS OF CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| ROGER COFFEY,<br>4762 S Hills Dr.<br>Cleveland, OH 44109<br>    Plaintiff, | ) ) ) ) ) | |
| vs. | ) ) | Case No.<br>Judge: |
| SPEEDWAY LLC, d/b/a SPEEDWAY<br>Corporate Creations Network, Inc.<br>119 E. Court Street,<br>Cincinnati, OH 45202 | ) ) ) ) | **(Jury Demand Endorsed Hereon)** |
| KATHY BOULTON<br>2002 Sundance St.<br>Springfield, OH 45502-9142 | ) ) ) ) | |
| and, | ) ) | |
| JOHN DOE EMPLOYEES<br>Name and Address Unknown | ) ) ) | |
|     Defendants. | ) ) | |

## FIRST AMENDED COMPLAINT

Comes now the Plaintiff, Roger Coffey, by and through counsel, and for his First Amended Complaint against the Defendants hereby states and alleges the following:

### PARTIES

1.　At all times relevant to this Complaint, Plaintiff was a resident of Cleveland, Cuyahoga County, Ohio.

2.　Defendant Speedway LLC d/b/a Speedway, (hereinafter referred to as "Speedway") is a Delaware Corporation, headquartered in Ohio, registered to conduct business in Ohio who operates Speedway gas stations and convenience stores in Ohio. Defendant Speedway's registered agent for the purposes of service of process is Corporate Creations Network, Inc., which may be served on behalf of Defendant Speedway at 119 E. Court Street, Cincinnati, OH 45202 or wherever

it may be found.

3. Defendant Kathy Boulton, ("Defendant Boulton") is a citizen and resident of Springfield, Clark County, Ohio, and is/was an employee/agent of Defendant Speedway, acting in the course and scope of her employment, either with expressed, implied, or apparent authority, as agent of Defendant Speedway. Defendant Stemple may be served with process at 2002 Sundance St. Springfield, OH, 45502-9142 or wherever she may be found.

4. Defendant John Doe Employees, based upon information and belief, is/were employees and/or agents of Defendant Speedway, acting in the course and scope of their employment, either with expressed, implied, or apparent authority, as agents of Defendant Speedway.

5. The true name(s) and capacities of John Doe Employees, without conducting discovery in this matter, are unknown at this time. When the true names of said persons have been ascertained, Plaintiff will seek leave to amend the Complaint accordingly; Plaintiff believes that the Defendants identified herein as John Doe Employees have legal responsibility or contributed to the events and occurrences described herein, having caused injury to Plaintiff.

6. The Premises, as defined below, is owned, operated, managed and/or maintained by Defendant Speedway.

## JURISDICTION AND VENUE

7. Jurisdiction is conferred in this Court by R.C. §2305.01.

8. Pursuant to Civil Rule 3(B)(1) of the Ohio Rules of Civil Procedure, venue is proper in Cuyahoga County, Ohio, and the incident which is the basis for the Complaint occurred in Cuyahoga County, Ohio.

## SERVICE OF PROCESS

9.      Service of process is permitted on Defendants pursuant to Ohio Civil Rule 4.2(A) and (F).

## UNDERLYING FACTS COMMON TO ALL ALLEGATIONS

10.     On or about February 8, 2024, Plaintiff was a customer and invitee of Defendants at the Premises, a Speedway gas station and convenience store located at 2202 Broadview Rd, Cleveland, OH 44109.

11.     At all times relevant hereto, the premises was open to patrons.

12.     At all times relevant hereto, Defendants had knowledge of patrons being on the premises.

13.     At all times relevant hereto, employee(s) of Defendant Speedway, hired, trained, retained, and working under the supervision of Defendants Speedway and Boulton, was/were mopping the floors of the premises while patrons, including the Plaintiff, were in the store.

14.     As Plaintiff was in the Speedway store, no visible "wet floor" signs and there were no warnings given to the Plaintiff prior to him walking through the store and falling.

15.     At all times pertinent hereto, Defendants' actions and inactions caused the floor in the shopping aisle section of the Premises to be slippery, untreated, not adequately maintained, have potentially hazardous liquids on the floor, including but not limited to water and cleaning solutions, and/or otherwise not safe, thereby creating a dangerous and/or defective condition.

16.     At all times pertinent hereto, Defendants' actions and inactions in causing the floor of the premises to be slippery and hazardous was further bolstered by their failure to provide adequate signage and warnings to individuals, such as the Plaintiff, of the hazardous condition.

17.     At all times pertinent hereto, the Defendants had actual and/or constructive knowledge of said dangerous and/or defective condition.

18.     At all times pertinent hereto, the Defendants' knowledge of said dangerous and/or defective condition was superior to that of Plaintiff.

19.     Plaintiff was required to traverse the section of the aisle and said dangerous and/or defective condition on the flooring created by Defendants, in order for patrons such as the Plaintiff to adequately shop at the Defendants' store.

20.     Plaintiff entered the shopping aisle section of the Premises, to purchase items for sale offered by the Defendants to customers, and fell upon the dangerous and/or defective condition created by the debris/liquids, including but not limited to water and cleaning solutions, on the flooring.

21.     At all times pertinent hereto, Plaintiff exercised an appropriate degree of care for his own safety.

## NEGLIGENCE OF DEFENDANT SPEEDWAY

22.     At all times pertinent hereto, Defendant Speedway owed the Plaintiff, as a business invitee upon the subject Premises, a duty to maintain the subject Premises in reasonably safe condition and to discover unsafe and dangerous conditions on the Premises, including dangerous conditions caused by the Defendants and its employees/agents, and either correct them or warn Plaintiff of them.

23.     At all times pertinent hereto, Defendant Speedway was responsible for maintaining the Premises in a reasonably safe condition as the owner, operator, manager, and/or similar service provider at the subject property where the Plaintiff's injuries occurred.

24.     Defendant Speedway, through their agents/employees, owed Plaintiff a safe method of walking around the Premises inside the building.

25.     At all times pertinent hereto, Defendant Speedway had a legal duty to maintain the subject Premises in a reasonable and safe condition for the use of persons such as Plaintiff.

26.     Defendant Speedway, through their agents/employees, owed Plaintiff a duty to inspect and maintain/clean the area, including ensuring the premises is safe to walk through after cleaning, within a reasonable amount of time.

27.     Defendant Speedway, individually and through their agents/employees, had a duty to train their agents and employees on how to conduct safety sweeps of the premises to keep the premises free from hazardous debris and slippery surfaces, and how to properly clean the premises.

28.     Defendant Speedway, through their agents/employees, owed Plaintiff a duty to place proper warning signs to alert its customers of unsafe conditions.

29.     Defendant Speedway was guilty of the following acts of common law negligence, in that it breached the following duties owed to Plaintiff:

    a.  provide a clear and safe path to ingress and egress of Premises;

    b.  take reasonable steps to maintain the Premises in a safe condition;

    c.  take reasonable steps to train their employees/agents in how to properly inspect and clean the premises;

    d.  inspect and maintain/clean the area within a reasonable amount of time;

    e.  provide clear and safe boundaries and warnings around such known dangerous condition;

    f.  remedy known dangerous and/or defective conditions on the Premises, despite ample time and opportunity available to do so; and

    g.  properly design, construct, or maintain the building and/or Premises.

30.     Defendant Speedway was guilty of the following acts of negligence *per se*, in that it breached the duties by failing to do the following:

    a.  maintain the Premises in accordance with applicable building codes;

    b.  maintain the Premises in accordance with applicable statutes; and

c.  maintain the Premises in accordance with the International Building Codes.

31.  Defendant Speedway breached their legal duties in designing, constructing, and/or maintaining the subject Premises.

32.  The negligent acts and/or omissions of Defendant Speedway were the direct and proximate cause of the subject fall and Plaintiff's resulting injuries and damages.

33.  Plaintiff's resulting injuries and damages were a direct result of this fall.

34.  As a direct and proximate result of the negligence of the Defendant Speedway, Plaintiff suffered serious, disabling, painful, and permanent bodily injuries causing Plaintiff to become liable for medical and other expenses, including lost wages and lost future earnings, and to suffer permanent bodily impairment.

35.  Defendant Speedway is vicariously liable for the negligence of their agents under the doctrine of *respondeat superior* and/or jointly and severally liable for the negligent actions and/or omissions of their agents including, but not limited to, its employees, management teams, and/or contractors.

## NEGLIGENCE OF DEFENDANT KATHY BOULTON

36.  At all times pertinent hereto, Defendant Boulton was a manager of the subject premises where Plaintiff fell and was injured.

37.  At all times pertinent hereto, Defendant Boulton was at all relevant times mentioned herein negligent in her failure to properly inspect, maintain, and clean/make safe the premises and/or provide proper warning to patrons, such as the plaintiff, of any hazards/debris on the premises within a reasonable time prior to Plaintiff falling, and that as a direct and proximate result of said negligence, while said Defendant was acting in the course and scope of their employment with Defendant Speedway, said Defendant caused and/or contributed to Plaintiff

falling on the premises which caused serious and devastating injuries to Plaintiff as referenced above.

38.     At all times pertinent hereto, Defendant Boulton, as employee/agent of Defendant Speedway, owed the Plaintiff, as a business invitee upon the subject Premises, a duty to maintain the subject Premises in reasonably safe condition and to discover unsafe and dangerous conditions on the Premises and either correct them or warn of them, and to make safe the premises by removing hazards caused by them.

39.     At all times pertinent hereto, Defendant Boulton, as employee/agent of Defendant Speedway, was responsible for maintaining the Premises in a reasonably safe condition as the operator, manager, and/or similar service provider at the subject property where the Plaintiff's injuries occurred.

40.     Defendant Boulton, as employee/agent of Defendant Speedway, owed Plaintiff a safe method of walking around the Premises inside the building.

41.     At all times pertinent hereto, Defendant Boulton, as employee/agent of Defendant Speedway, had a legal duty to maintain the subject Premises in a reasonable and safe condition for the use of persons such as Plaintiff.

42.     Defendant Boulton, as employee/agent of Defendant Speedway, owed Plaintiff a duty to inspect and maintain/clean the area within a reasonable amount of time.

43.     Defendant Boulton, as employee/agent of Defendant Speedway, had a duty to train her agents and employees on how to conduct safety sweeps of the premises to keep the premises free from hazardous debris and slippery surfaces, and to properly clean the premises in a manner as to not cause the floors to be hazardous and/or provide adequate warning and signage of the dangerous condition.

44.     Defendant Boulton, as employee/agent of Defendant Speedway, owed Plaintiff a

duty to place proper warning signs to alert its customers of unsafe conditions.

45.     Defendant Boulton, as employee/agent of Defendant Speedway, was guilty of the following acts of common law negligence, in that it breached the following duties owed to Plaintiff:

   h.   provide a clear and safe path to ingress and egress of Premises;

   i.   take reasonable steps to maintain the Premises in a safe condition;

   j.   take reasonable steps to train their employees/agents in how to properly inspect and clean the premises;

   k.   inspect and maintain/clean the area within a reasonable amount of time;

   l.   provide clear and safe boundaries and warnings around such known dangerous condition;

   m.   remedy known dangerous and/or defective conditions on the Premises, despite ample time and opportunity available to do so; and

   n.   properly design, construct, or maintain the building and/or Premises.

46.     Defendant Boulton, as employee/agent of Defendant Speedway, was guilty of the following acts of negligence *per se*, in that she breached the duties by failing to do the following:

   a.   maintain the Premises in accordance with applicable building codes;

   b.   maintain the Premises in accordance with applicable statutes; and

   c.   maintain the Premises in accordance with the International Building Codes.

47.     Defendant Boulton, as employee/agent of Defendant Speedway, breached her legal duties in designing, constructing, and/or maintaining the subject Premises.

48.     The negligent acts and/or omissions of Defendant Boulton were the direct and proximate cause of the subject fall and Plaintiff's resulting injuries and damages.

49.     Plaintiff's resulting injuries and damages were a direct result of this fall.

50.     As a direct and proximate result of the negligence of the Defendant Boulton, Plaintiff suffered serious, disabling, painful, and permanent bodily injuries causing Plaintiff to become liable for medical and other expenses, to suffer lost wages and lost earning capacity, and to suffer permanent bodily impairment.

## NEGLIGENCE OF DEFENDANT JOHN DOE EMPLOYEES

51.     At all times pertinent hereto, Defendant John Doe Employees, whose name and identity will be supplemented following discovery in this case, was at all relevant times mentioned herein negligent in their failure to properly inspect, maintain, and clean/make safe the premises and/or provide proper warning to patrons, such as the plaintiff, of any hazards/debris on the premises within a reasonable time prior to Plaintiff falling, and that as a direct and proximate result of said negligence, while said Defendant was acting in the course and scope of their employment with Defendant Speedway, said Defendant caused and/or contributed to Plaintiff falling on the premises which caused serious and devastating injuries to Plaintiff as referenced above.

52.     At all times pertinent hereto, Defendant John Doe Employees, as employees/agents of Defendant Speedway, owed the Plaintiff, as a business invitee upon the subject Premises, a duty to maintain the subject Premises in reasonably safe condition, a duty to remedy dangerous/unsafe conditions caused by said employees, and to discover unsafe and dangerous conditions on the Premises and either correct them or warn of them.

53.     At all times pertinent hereto, Defendant John Doe Employees, as employees/agents of Defendant Speedway, were responsible for maintaining the Premises in a reasonably safe condition as the operator, manager, and/or similar service provider at the subject property where the Plaintiff's injuries occurred.

54.     Defendant John Doe Employees, as employees/agents of Defendant Speedway, owed Plaintiff a safe method of walking around the Premises inside the building.

55.     At all times pertinent hereto, Defendant John Doe Employees, as employees/agents of Defendant Speedway, had a legal duty to maintain the subject Premises in a reasonable and safe condition for the use of persons such as Plaintiff.

56.     Defendant John Doe Employees, as employees/agents of Defendant Speedway, owed Plaintiff a duty to inspect and maintain/clean the area within a reasonable amount of time.

57.     Defendant John Doe Employees, as employees/agents of Defendant Speedway, had a duty to train their agents and employees on how to conduct safety sweeps of the premises to keep the premises free from hazardous debris and slippery surfaces, and to properly clean the premises in a manner that the floor does not become hazardous.

58.     Defendant John Doe Employees, as employees/agents of Defendant Speedway, owed Plaintiff a duty to place proper warning signs to alert its customers of unsafe conditions.

59.     Defendant John Doe Employees, as employees/agents of Defendant Speedway, were guilty of the following acts of common law negligence, in that it breached the following duties owed to Plaintiff:

    o.  provide a clear and safe path to ingress and egress of Premises;

    p.  take reasonable steps to maintain the Premises in a safe condition;

    q.  take reasonable steps to train their employees/agents in how to properly inspect and clean the premises;

    r.  inspect and maintain/clean the area within a reasonable amount of time;

    s.  provide clear and safe boundaries and warnings around such known dangerous condition;

    t.  remedy known dangerous and/or defective conditions on the Premises, despite

ample time and opportunity available to do so; and

    u.   properly design, construct, or maintain the building and/or Premises.

60.    Defendant John Doe Employees, as employees/agents of Defendant Speedway, were guilty of the following acts of negligence *per se*, in that it breached the duties by failing to do the following:

    a.   maintain the Premises in accordance with applicable building codes;

    b.   maintain the Premises in accordance with applicable statutes; and

    c.   maintain the Premises in accordance with the International Building Codes.

61.    Defendant John Doe Employees, as employees/agents of Defendant Speedway, breached their legal duties in designing, constructing, and/or maintaining the subject Premises.

62.    The negligent acts and/or omissions of Defendant John Doe Employees were the direct and proximate cause of the subject fall and Plaintiff's resulting injuries and damages.

63.    Plaintiff's resulting injuries and damages were a direct result of this fall.

64.    As a direct and proximate result of the negligence of the Defendant John Doe Employees, Plaintiff suffered serious, disabling, painful, and permanent bodily injuries causing Plaintiff to become liable for medical and other expenses, to suffer lost wages and loss of earning capacity, and to suffer permanent bodily impairment.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages in an amount greater than twenty-five thousand dollars ($25,000.00), plus interest and costs.

Respectfully submitted,

/s/ Zachary C. Smith
Zachary C. Smith (0101700)
MONGE & ASSOCIATES
8205 Dunwoody Pl

Atlanta, GA 30350
270-359-5385
FAX 678-579-0204
zack.smith@monge.lawyer
*Attorney for Plaintiff, Roger Coffey*

### JURY DEMAND

Plaintiff requests that this matter be heard before a jury of eight (8) persons.

/s/ Zachary C. Smith
Zachary C. Smith (0101700)

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was sent by email or U.S. postage prepaid on October 27, 2025 to all counsel of record and parties if unrepresented.

Nicholas P. Resetar
Roerzel & Andress
222 South Main St.
Akron, OH 44308
nresetar@ralaw.com
Counsel for SPEEDWAY LLC, d/b/a SPEEDWAY

KATHY BOULTON
2002 Sundance St.
Springfield, OH 45502-9142

/s/ Zachary C. Smith
OH Bar #0101700

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>ROGER COFFEY</u>
**Plaintiff**

V.

<u>MARATHON PETROLEUM CORPORATION ,</u>
<u>ET. AL, ET AL</u>
**Defendant**

**CASE NO.** CV25125757

**JUDGE** NANCY MARGARET RUSSO

# SUMMONS  SUMC  CM

Notice ID: 58560525



| From: | ROGER COFFEY | P1 |
| | 4762 S. HILLS DR. | |
| | CLEVELAND OH 44109 | |

| Atty.: | ZACHARY SMITH |
| | 8205 DUNWOODY PL BLDG 19 |
| | ATLANTA, GA 30350-0000 |

| To: | KATHY BOULTON | D2 |
| | 2002 SUNDANCE ST. | |
| | SPRINGFIELD OH 45502 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: <u>10/29/2025</u>

By _____
**Deputy**

CMSN130

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

ROGER COFFEY
**Plaintiff**

V.

MARATHON PETROLEUM CORPORATION ,
ET. AL, ET AL
**Defendant**

**CASE NO.** CV25125757

**JUDGE** NANCY MARGARET RUSSO

# SUMMONS  SUMC  CM

Notice ID: 58560526

| From: | ROGER COFFEY | P1 |
| | 4762 S. HILLS DR. | |
| | CLEVELAND OH 44109 | |

| Atty.: | ZACHARY SMITH |
| | 8205 DUNWOODY PL BLDG 19 |
| | ATLANTA, GA 30350-0000 |

| To: | SPEEDWAY LLC DBA SPEEDWAY | D4 |
| | C/O CORPORATE CREATIONS NETWORK INC | |
| | 119 E COURT ST | |
| | CINCINNATI OH 45202-0000 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: 10/29/2025

By _____
**Deputy**

CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**REQUEST FOR SERVICE**
October 31, 2025 09:16

By: ZACHARY SMITH 0101700

Confirmation Nbr. 3661615

ROGER COFFEY                                         CV 25 125757

     vs.

                                     **Judge:**  NANCY MARGARET RUSSO

MARATHON PETROLEUM CORPORATION , ET. AL,
ET AL

**Pages Filed:**  1

**IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO**

**INSTRUCTIONS FOR SERVICE**

| | | |
|---|---|---|
| ROGER COFFEY, | ) | |
| | ) | |
| Plaintiff(s), | ) | CASE FILE NO: CV 25 125757 |
| | ) | |
| v. | ) | JUDGE: Nancy Margaret Russo |
| | ) | |
| MARATHON PETROLEUM | ) | |
| CORPORATION, D/B/A SPEEDWAY et. al. | ) | |
| | ) | |
| Defendant(s), | ) | |

**TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE:**

CERTIFIED MAIL SERVICE _____     ORDINARY MAIL SERVICE ____

PERSONAL SERVICE BY THE SHERIFF OF <u>CLARK</u> COUNTY <u>OH</u>

RESIDENCE SERVICE BY THE SHERIFF OF _____ COUNTY ____

PERSONAL SERVICE BY PROCESS SERVER _____

RESIDENT SERVICE BY PROCESS SERVER _____

OF THE FOLLOWING DOCUMENTS: <u>**SUMMONS; PLAINTIFFS' COMPLAINT FOR PERSONAL INJURIES**</u>

UPON:

| | |
|---|---|
| KATHY BOULTON<br>2002 SUNDANCE ST.<br>SPRINGFIELD, OH 45502 | |
| | |
| | |

| | |
|---|---|
| <u>Zachary Smith, Esq. / 0101700)</u><br>**Attorney Name & Supreme Court ID No.**<br><br><u>(270) 359-5385</u><br>**Phone Number** | <u>8205 Dunwoody Pl., Bldg. 19, Atlanta, GA 30350</u><br>**Address, City, State, Zip Code** |



203651557

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

ROGER COFFEY
    Plaintiff

Case No: CV-25-125757

Judge: NANCY MARGARET RUSSO

MARATHON PETROLEUM CORPORATION , ET. AL,
ET AL
    Defendant

## JOURNAL ENTRY

CMC BY PHONE SET FOR 11/24/2025 AT 02:00 PM
THIS CASE IS SET FOR A PRETRIAL/CASE MANAGEMENT CONFERENCE. COUNSEL FOR PLAINTIFF(S) SHALL INFORM ALL OPPOSING COUNSEL AND/OR PRO SE PARTIES OF THIS DATE AND TIME. COUNSEL FOR ALL PARTIES ARE REQUIRED TO BE PRESENT AND TO BE FAMILIAR WITH THE UNDERLYING FACTS OF THE CASE. PARTIES NOT REPRESENTED BY COUNSEL ARE ALSO REQUIRED TO BE PRESENT. FAILURE OF ANY PARTY'S COUNSEL OR PRO SE PARTY TO APPEAR AT ANY SCHEDULED EVENT DURING THE PENDENCY OF THIS CASE MAY RESULT IN DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND/OR JUDGMENT BEING RENDERED.

IF A CONTINUANCE IS SOUGHT FOR ANY REASON, THE APPROPRIATE MOTION MUST BE FILED NO LESS THAN 7 DAYS BEFORE THE SCHEDULED EVENT, AND THE COURT PROVIDED WITH A COURTESY COPY ON THE DATE OF FILING.

DO NOT CALL THE COURT TO REQUEST A CONTINUANCE. NO CONSIDERATION WILL BE GIVEN TO REQUESTS NOT MADE IN WRITING, DOCKETED AND WITHIN THE TIMEFRAME ABOVE, ABSENT AN EMERGENCY.

THE COURT REQUIRES A COURTESY COPY OF ALL PLEADINGS IN EXCESS OF 5 PAGES, TO BE MAILED OR HAND-DELIVERED TO THE COURT. E-FILING DOES NOT CONSTITUTE A COURTESY COPY. PLEADINGS OF 5 PAGES OR LESS THAT ARE E-FILED DO NOT NEED TO BE DELIVERED TO THE COURT.

PARTIES WISHING TO PERFECT SERVICE BY SPECIAL PROCESS SERVER IN ANY GIVEN CASE MUST FIRST FILE A SEPARATE MOTION TO APPOINT A SPECIAL PROCESS SERVER DIRECTLY WITH JUDGE NANCY MARGARET RUSSO. FAILURE TO OBTAIN THE EXPRESS PERMISSION OF JUDGE NANCY MARGARET RUSSO BEFORE ATTEMPTING SERVICE BY SPECIAL PROCESS SERVER MAY RESULT IN THE COURT STRIKING SUCH SERVICE ATTEMPTS. MOTIONS TO APPOINT SPECIAL PROCESS SERVERS MUST HAVE A PROPOSED ORDER ATTACHED TO THE MOTION FOR THE COURT'S REVIEW AND SIGNATURE. (THE PROPOSED ORDER MAY ALSO BE SENT ADDITIONALLY AS A WORD DOCUMENT).

THE CASE MANAGEMENT CONFERENCE WILL BE HELD BY PHONE UNLESS OTHERWISE DOCKETED.  THE PARTIES ARE REQUIRED TO CALL THE CONFERENCE LINE AT THE SCHEDULED TIME.  1-978-990-5000 -  ACCESS CODE 728961#.

FAILURE TO COMPLY WITH ANY PORTION OF THE COURT'S STANDING ORDERS, INCLUDING THIS ORDER, MAY RESULT IN A DISMISSAL WITHOUT PREJUDICE, JUDGMENT OR OTHER SANCTIONS.

PARTIES ARE TO ABIDE BY THE COURT'S STANDING ORDERS CONTAINED HEREIN AND LOCATED AT:
HTTPS://CP.CUYAHOGACOUNTY.US/COURT-RESOURCES/JUDGES/JUDGE-NANCY-MARGARET-RUSSO

11/02/2025

RECEIVED FOR FILING
11/03/2025 14:46:53
NAILAH K. BYRD, CLERK

203651557

Nancy Margaret Russo

Judge Signature                    11/03/2025

11/02/2025

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>ROGER COFFEY</u>
**Plaintiff**

V.

<u>MARATHON PETROLEUM CORPORATION ,</u>
<u>ET. AL, ET AL</u>
**Defendant**

**CASE NO.** CV25125757

**JUDGE** NANCY MARGARET RUSSO

## SUMMONS  SUMC  FS

Notice ID:  58615280

| From: | ROGER COFFEY<br>4762 S. HILLS DR.<br>CLEVELAND OH 44109 | P1 |
|---|---|---|

| Atty.: | ZACHARY SMITH<br>8205 DUNWOODY PL BLDG 19<br>ATLANTA, GA 30350-0000 |
|---|---|

| To: | KATHY BOULTON<br>2002 SUNDANCE ST.<br>SPRINGFIELD OH 45502 | D2 |
|---|---|---|

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** <u>11/04/2025</u>

By_____
**Deputy**

CMSN130

**SHERIFF OF CLARK COUNTY, OH**

**Return of Service**

To:  **Cuyahoga County Clerk of Courts**

Case Nbr.   CV25125757

Plaintiff:   ROGER COFFEY

   Vs

Defendant:   MARATHON PETROLEUM CORPORATION , ET. AL, ET AL

Date Sent:    11/04/2025

KATHY BOULTON

2002 SUNDANCE ST.

SPRINGFIELD OH 45502

58615280

**Return on Service of Writ**

On the _____ day of _____, 20\_\_\_\_

I served this Writ together with a copy of the sums complaint herein on the within named party:

_____

As follows: _____

_____

**Sheriff's Fees**

Service and Return    _____

Postage                      _____

Copy                          _____

Mileage                      _____

Total                          _____

**Clark County, OH, Sheriffs Dept**

By _____

       Deputy Sheriff